NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
GARMELIN GAILLARD,                  :
                                    :
       Plaintiff,                   :   Civil Action No. 10-2311 (JAP)
                                    :
   v.                               :            **OPINION**
                                    :
BRIAN KELLER,                       :
                                    :
       Defendants.                  :
                                    :
_____ :

PISANO, District Judge.

    Presently before the Court is *pro se* plaintiff Garmelin Gaillard's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. Plaintiff brings this action against defendant Brian Keller for "Kidnapping," "Extortion," "Racketeering," Conspiracy," "Fraud," and "Civil Right Violations." Compl. at 1. Based on plaintiff's application and affidavit of indigency, the Court finds that plaintiff is unable to pay the filing fee for this action. As such, plaintiff's application shall be granted.

    Under the IFP statute, a court may *sua sponte* dismiss a complaint if the complaint is "frivolous or malicious"or "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2). Being mindful that the court must construe a *pro se* complaint liberally, the Court nonetheless finds that dismissal of plaintiff's complaint is warranted in this case.

    As an initial matter, the Complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8, as it is utterly devoid of any factual allegations. Rather, the

Complaint (a single page document) simply lists the offenses described above, seeks $3,000,000 in damages and demands that Defendant execute a document entitled "U.C.C.-4 Privacy Security Agreement non-negotiable 'True Bill'" that was submitted with the Complaint. This document consists of 395 numbered paragraphs, each of which begins with the following phrase "I, BRIAN KELLER do hereby freely admit and confess ...". At the end of the document it appears that there are signature lines for both parties as well as for a notary public. Given this document's content, structure and the manner in which it was written, even if the Court were to consider the document as part of the Complaint it would not save it from dismissal, as it does not give Defendant fair notice of the claims against him. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

Additionally, in support of Plaintiff's claims for "Kidnapping," "Extortion," "Racketeering," Conspiracy,"  and "Fraud,"  Plaintiff cites to federal criminal statutes contained in Title 18 of the United States Code, which do not permit a private right of action. *See, e.g., Thompson v. Eva's Village and Sheltering Program*, 2006 WL 469938, at *6 (D.N.J. Feb. 24, 2006). Consequently, Plaintiff fails to state a claim upon which relief can be granted, and these claims shall be dismissed with prejudice.

To the extent Plaintiff is attempting to bring a claim for civil rights violations, the complaint lacks enough factual matter to state a claim under the Rule 8 pleading standard. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); Fed. R. Civ. P. 8. The Third Circuit has directed that before dismissing a *pro se* complaint, district courts should "expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time." *Shane v. Fauver*, 213

F.3d 113, 116 (3d Cir. 2000).  Because Plaintiff's civil rights claim suffers from a lack of factual specificity, the Court will allow Plaintiff leave to amend his complaint within 20 days to correct the deficiencies.

  An appropriate Order accompanies this Opinion.


              /s/ JOEL A. PISANO
              United States District Judge


Dated:  July 22, 2010